Schuyler G. Carroll
Jeffrey Vanacore
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorney for Roy Babitt, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                                          :

In re                                             :            Chapter 7

RUSSELL RESTAURANT GROUP, LLC,  :
                                             :            Case No. 04-14738 (SCC)
                           Debtor.   :
                                             :
------------------------------------------------------- x

**REPLY IN FURTHER SUPPORT OF OBJECTION OF
ROY BABITT, CHAPTER 7 TRUSTEE, TO
ADMINISTRATIVE EXPENSE AND SECURED CLAIMS FILED
BY MICHAEL RING, FRANK RING, ET AL., TENANTS IN COMMON**

      Roy Babitt, the Chapter 7 Trustee (the "Trustee") of Russell Restaurant Group, LLC (the "Debtor"), by his attorney, Arent Fox LLP, hereby files this reply to his objection (the "Objection") to the claims filed by the Landlord[1] and respectfully states as follows:

**The Landlord's Admin Claim Should be Expunged Because the
Debtor Surrendered Possession of the Premises Prior to the Petition Date**

      1.      The Debtor surrendered possession of the Premises to the Landlord, two weeks before the Petition Date. In its response to the Objection (the "Response"), the

---

[1] All capitalized terms used but not defined herein, shall have the meanings ascribed to such terms in the Objection.

Landlord does not dispute that, in fact, the Debtor's principal abandoned the premises and agreed to allow the Landlord to re-take full and unfettered possession of the Premises.

2. Rather, the Landlord only generally disputes the Trustee's Objection. The Landlord's carefully chosen words, contained in both its Response and its supporting declaration of Frank Ring (the "Ring Declaration"), object on grounds of purely technical compliance with the terms of the Lease. In reality, however, as evidenced by the Declaration of Christopher Russell (the "Russell Declaration"), the general manager of the Debtor, Mr. Russell "moved out all the [Debtor's] property … abandoned the … Premises." Russell Declaration ¶ 4, at 1-2.

3. Although the Landlord alleges this does not "effectuate a surrender of the Premises <u>in accordance with the agreed upon terms of the Lease</u> (Ring Declaration ¶ 5, at 2, emphasis added), the Landlord never disputes the fact that Mr. Russell actually moved out of and abandoned the Premises to the Landlord prior to the Petition Date.

4. It is important to carefully review the precise wording contained in the Landlord's Response and the accompanying Declaration of Frank Ring. In both, the Landlord qualifies each of its statements with reference to the terms of the Lease. In this regard, the Landlord does not dispute that the Debtor abandoned the Premises. Instead, the Landlord repeatedly states that the Debtor's actions do not qualify as a surrender: "under the terms of the Lease," Ring Declaration ¶ 5, at 2; "in accordance with the terms of the Lease," Objection ¶ 9, at 5; "given the agreed upon terms of the Lease," Objection ¶ 11, at 5; "as required under the agreed upon terms of the Lease," Objection ¶ 13, at 6; "under the terms of the Lease as agreed to by the Debtor," Objection ¶ 13, at 6; and

"under the terms of the Lease," Objection ¶ 15, at 6.

5. By so doing, the Landlord attempts to rely on the terms of the Lease to avoid the actual fact that the Premises was abandoned prior to the Petition Date.

6. The Bankruptcy Code does not require that a debtor comply with the precise terms of a pre-petition lease to surrender property. Rather, any action which unequivocally indicates the intent to abandon leased premises is sufficient.

### Even if the Landlord Is Entitled to an Administrative Expense, that Claim Should be Expunged Because the Landlord Should be Required to Apply the Security Deposit

7. The Security Deposit being held by the Landlord is more than sufficient to cover the entire amount of the administrative expense claim asserted by the Landlord. Allowing the Landlord to retain the Security Deposit and receive an administrative expense claim will allow the Landlord to receive a windfall.

### CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order granting the Objection and such other, further and different relief as is just and proper.

Dated: March 31, 2010
      New York, New York      ARENT FOX LLP
                                           Attorney for Roy Babitt, Chapter 7 Trustee

                                           By: */s/ Schuyler G. Carroll*
                                               Schuyler G. Carroll
                                               Jeffrey Vanacore
                                               1675 Broadway
                                               New York, New York 10019
                                               212-484-3900