Heike M. Vogel  
ARENT FOX LLP  
1675 Broadway  
New York, New York 10019  
(212) 484-3900  

**Hearing Date: To be determined**  
**Hearing Time: To be determined**

Attorney for Roy Babitt, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------x  
In re:

RUSSELL RESTAURANT GROUP, LLC

Debtor.

------------------------------------------------------------x

Chapter 7

Case No. 04-14738 (SCC)

## FINAL APPLICATION OF ARENT FOX LLP AS COUNSEL TO THE TRUSTEE FOR FINAL ALLOWANCE OF COMPENSATION FOR LEGAL SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES

TO:   THE HONORABLE SHELLEY C. CHAPMAN  
        UNITED STATES BANKRUPTCY JUDGE

Arent Fox submits this First and Final Application of Arent Fox LLP as Attorney to the Chapter 7 Trustee (the "Trustee") for Allowance of Compensation for Legal Services Rendered and for Reimbursement of Expenses (the "Application") pursuant to Sections 328 and 330 of Title 11 of the United States Code §§ 101 *et seq.* (the "Bankruptcy Code"), as implemented by Federal Rule of Bankruptcy Procedure 2016 and Local Bankruptcy Rules 2016–1 and 2016–2, and in support thereof, respectfully represents as follows:

### PRELIMINARY STATEMENT

1.   Arent Fox submits the Application pursuant to Sections 328 and 330 of the Bankruptcy Code, as implemented by Federal Rule of Bankruptcy Procedure 2016 and Local Bankruptcy Rules 2016–1 and 2016–2.

1

2. The Application covers the period from January 18, 2006 through the hearing date of the Application (hereinafter the "Compensation Period"). For the Compensation Period, the Applicant incurred fees of $87,591.00 together with expenses of $1,115.22 for a total of $88,706.22. In light of the limited funds available and to ensure that administrative creditors receive a distribution, Arent Fox has agreed to reduce its fee and expects to be paid approximately $27,050.21, if this application is granted in full. To date, the Applicant has not been compensated for any legal services rendered in this case or received any reimbursement for expenses incurred.

3. After payment of the Landlord's administrative expense claim pursuant to a stipulation approved by this Court, the estate currently holds $61,215.68.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's Chapter 7 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157.

## BACKGROUND

5. On July 14, 2004, the Debtor filed a petition for relief under Chapter 7 of Title 11 §§ 101 *et seq.* (the "Bankruptcy Code").

6. A meeting of creditors, pursuant to Section 341 of the Bankruptcy Code, was held on August 23, 2004.

7. By Order dated March 2, 2006, the Court approved and authorized the retention of Arent Fox as substitute counsel to the Trustee, *nunc pro tunc* to January 16, 2006. A copy of the Order authorizing Arent Fox's retention is annexed hereto as Exhibit A.

8. By Order dated August 20, 2004, the Court approved and authorized the retention

of Davidoff Malito & Hutcher, LLP as cousel to the Trustee.

9. On September 24, 2004, a Notice of Possible dividends was filed by the Trustee.

10. December 27, 2004 was the last day to file a timely proof of claim in this case.

11. On February 24, 2005, the NYS Department of Labor withdrew its claim against the Debtor.

12. On September 5, 2008, the IRS withdrew their claim against Debtor.

13. By Stipulation and Order of Settlement dated August 24, 2010, the estate settled the landlord's claim for $15,000, which has already been paid.

## SUMMARY OF SERVICES RENDERED

14. Arent Fox's time records annexed hereto as Exhibit B set forth the time spent, name of the attorney or paraprofessional rendering such services, and the billing rate of each attorney or paraprofessional. The time records describe the dates and description of the legal work performed, as well as the nature of such legal work and the attendant time charges.

15. The Application briefly summarizes the services rendered by Arent Fox on behalf of the Trustee during the Compensation Period. While it is not possible or practical to restate each and every activity undertaken by Arent Fox, Arent Fox has maintained contemporaneous time records which include a detailed chronology of the daily services rendered describing the precise nature of the work, the specific tasks performed, and the time expended by each attorney and paraprofessional. The time records are a detailed chronological listing of the services performed by the Applicant reflecting 268.90 hours of work by Arent Fox in this case. A list of

3

all timekeepers and their billing rates, total hours, and total dollars are identified on the time records annexed hereto as Exhibit B.

16. Arent Fox was called upon to advise the Trustee in connection with a variety of issues throughout this Chapter 7 case. Some of the services rendered by Arent Fox include:

    a. Preparing and filing the application necessary for the Trustee to retain Arent Fox as counsel;

    b. Reviewing the Debtor's petition and schedules to determine value of estate;

    c. Drafting, filing and appearing at hearing on final fee application; and

    d. Litigation regarding the Landlord's administrative expense claim.

    e. Litigation and settlement of avoidance actions.

    f. Attending to various and miscellaneous matters pursuant to direction of the Trustee.

**BASIS FOR RELIEF**

17. The Bankruptcy Code permits the Court to approve and authorize payment of fees and expenses of counsel to the Trustee. In this regard, Section 330(a)(1) allows for the following:

> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses.

11 U.S.C. §330(a)(1)(A) and (B). Thus, Section 330 of the Bankruptcy Code permits attorneys to receive reasonable compensation for legal services rendered.

18. In evaluating the amount of reasonable compensation to award to an applicant, courts consider various factors including "the nature, the extent, and the value of such services, taking into account all relevant factors." 11 U.S.C. § 330(a)(3). In this regard, Section 330(a)(3) of the

4

Bankruptcy Code provides that,

> [i]n determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including-- (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). Thus, in essence, the Bankruptcy Code permits the Court to allow compensation for attorneys' fees that would be approved in non-bankruptcy matters.

19. Congress intended that bankruptcy attorneys be compensated at the market rate for comparable services in non-bankruptcy cases. See In re Ames Dep't Stores, Inc., 76 F.3d 66, 71 (2d Cir. 1996) (citing In re UNR Indus., Inc., 986 F.2d 207, 208–09 (7th Cir. 1993)); see also In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 21–22 (Bankr. S.D.N.Y. 1991) (Conrad, J.). The policy of Section 330 is to ensure that qualified attorneys will "not be deterred from taking bankruptcy cases due to a failure to pay adequate compensation." Ames Dep't Stores, 76 F.3d at 72 (citing UNR Indus., 986 F.2d at 210).

20. The court's examination of the reasonableness of services rendered must be conducted in an "objective manner, based upon what services a reasonable lawyer or legal firm would have performed . . . ." Ames Dep't Stores, 76 F.3d at 72 (citing In re Matter of Taxman Clothing Co., 49 F.3d 310, 315 (7th Cir. 1995)).

5

21. A Certification of Heike M. Vogel in support of this Application attesting to Arent Fox's compliance with the United States Trustee's Guidelines is annexed hereto.

22. Arent Fox submits that the legal services rendered by this firm have resulted in the efficient administration of the estate. Due to the efforts of Arent Fox, priority claims will receive a distribution of $10,000.00, approximately 27% percent of their allowed claims. Without the efforts of Arent Fox, the Landlord would not have received a distribution.

23. Arent Fox believes that the services rendered are reasonable and necessary and provided a beneficial result. Because of the (a) time and labor required of Arent Fox; (b) skill required of Arent Fox to perform the services involved; (c) firm's customary fees for such work; (d) contingency nature of any work performed in a trustee related matter; and (e) Arent Fox's experience, reputation, and ability, Arent Fox respectfully submits that the request for compensation and reimbursement of expenses made in this Application are reasonable and should be approved.

## REQUEST FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

24. Arent Fox has represented the estate in the most expeditious and economical manner possible. Tasks have been assigned so that the person most familiar with a particular matter performed work on that matter, duplication of effort has been avoided, and individuals with lower hourly rates were used whenever appropriate.

25. Arent Fox has expended time and effort in rendering the services described above. For each of the reasons set forth in this Application, Arent Fox respectfully submits that its request for compensation and reimbursement of expenses for these services is reasonable.

Pursuant to Sections 328 and 330, Arent Fox requests the award and payment of fees during the Compensation Period in the amount of $25,934.99 together with expense reimbursement in the amount of $1,115.22 for a total of $27,050.21.

## CONCLUSION

**WHEREFORE**, Arent Fox respectfully requests that the Court enter an order awarding Arent Fox final allowance of compensation and reimbursement for services rendered to the Trustee as set forth above, and granting such other, further and different relief as is just and proper.

Dated:   New York, New York
         March 26, 2011

>                    ARENT FOX LLP
>                    Attorney for Roy Babitt, Chapter 7 Trustee
>
>             By:    /s/ Heike Vogel
>
>                    Heike M. Vogel
>                    1675 Broadway
>                    New York, New York 10019
>                    (212) 484-3900

Heike M. Vogel
Arent Fox LLP
1675 Broadway
New York, New York 10019
(212) 484-3900
Attorney for Roy Babitt, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                          Chapter 7

RUSSELL RESTAURANT GROUP, LLC                                   Case No. 04-14738 (SCC)

                        Debtor.
-----------------------------------------------------------x

## CERTIFICATION OF HEIKE M. VOGEL

1. I, Heike M. Vogel, an attorney with the law firm of Arent Fox LLP (the "Applicant") and I am the certifying professional with responsibility for compliance in this case with the fee guidelines established by this Court and the Office of the United States Trustee (the "Guidelines").

2. Pursuant to Bankruptcy Rule 2016, the Applicant states that: (a) all services for which compensation is sought herein were rendered to the above-captioned Debtor's estate solely in connection with this Chapter 7 proceeding and not on behalf of any committee, individual creditors, or other persons; (b) heretofore, the Applicant has received no payment or promise of payment for services rendered in this Chapter 7 case; and (c) no agreement or understanding exists between the Applicant and any other person for the sharing of compensation.

3. Pursuant to the Guidelines, the Applicant certifies that: (a) I have read the Applicant's application (the "Application") for a first and final allowance of compensation for

8

services rendered and reimbursement of expenses; (b) to the best of my knowledge, information, and belief formed after reasonable inquiry, the Application complies with the Guidelines; (c) to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Guidelines; and (d) except to the extent that fees and disbursement are prohibited by the Guidelines, the fees and disbursements sought are billed at rates and in accordance with practice customarily employed by the Applicant and generally accepted by the Applicant's clients.

4. Pursuant to the Guidelines, the Applicant certifies that the Office of the United States Trustee was served with the Application within twenty (20) days of the scheduled hearing on the Application.

5. Pursuant to the Guidelines, the Applicant certifies that: (a) the Applicant does not make a profit in providing any reimbursable service to the Debtor; (b) in charging for a particular service, the Applicant has not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay; and (c) in seeking reimbursement for a service which the Applicant justifiably purchased or contracted for from a third party, the Applicant has requested reimbursement only for the amount billed to the Applicant by the third-party vendor and paid by the Applicant to such vendor.

Dated: New York, New York
      March 26, 2011

                                      /s/ Heike M. Vogel
                                      Heike M. Vogel

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                              Chapter 7

RUSSELL RESTAURANT GROUP, LLC                Case No. 04-14738 (SCC)

                        Debtor.

-------------------------------------------------------x

## CERTIFICATION OF COMPLIANCE WITH GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS

I, **ROY BABITT**, do hereby certify, pursuant to the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "SDNY Guidelines"), as follows:

1. I am the duly appointed Chapter 7 Trustee (the "Trustee") for the estate of Debtor.

2. I have read the SDNY Guidelines and am fully familiar with same.

3. I have read the First and Final Application of Arent Fox LLP as Attorney to the Trustee for Allowance of Compensation for Legal Services Rendered and for Reimbursement of Expenses (the "Application") and am fully familiar with the contents of the same.

4. As Trustee, I approve the Application.

Dated: New York, New York
        March 26, 2011

                                            /s/ Roy Babitt
                                            **ROY BABITT**
                                            Chapter 7 Trustee
                                            1675 Broadway
                                            New York, New York 10019
                                            212-457-546